*6/12 First draft of proposed instructions*

*Court exhibits*

# JURY CHARGE

Case: <u>United States v. Boykins</u> (18 CR 338)

Date: June 12, 2019

Ladies and Gentlemen of the Jury:

Now that the evidence in this case has been presented and the attorneys for the Government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crime charged in the Indictment, that is, the specific elements that the Government must prove beyond a reasonable doubt to warrant a finding of guilt.

Third, I will instruct you as to some general rules regarding your deliberations following these instructions.



Court EXHIBIT
CASE NO. 18cr338
EXHIBIT NO. 1

this Court and are entitled to equal consideration. Neither the Government nor the defendant is entitled to any sympathy or favor.

### B. Presumption of Innocence

I instructed you earlier that the Indictment filed against the defendant is the means by which the Government gives notice to a defendant of the charges against her, and by which it brings him before this court. It is nothing more. The Indictment is an accusation and nothing more. The Indictment is not evidence, and you are to give it no weight in arriving at your verdict.

The defendant, in response to the Indictment, pleaded "not guilty." He is presumed innocent unless and until his guilt has been proven beyond a reasonable doubt, and that presumption alone, unless overcome, is sufficient to acquit him. The defendant is presumed innocent unless or until you, the jury, decide unanimously that the Government has proven him guilty beyond a reasonable doubt.

### C. Burden of Proof on Government

Since the law presumes the defendant to be innocent, the burden of proving each his guilt beyond a reasonable doubt rests with the Government throughout the trial. A defendant never has

If, on the other hand, after a fair and impartial consideration of all the evidence, you can honestly say that you have such an abiding belief in the guilt of the defendant that you would be willing to act upon a similarly strong conviction in important matters in your own lives, then you have no reasonable doubt, and in that circumstance, you should convict the defendant.

### E.   The Evidence

I wish to instruct you now as to what constitutes evidence, and how you should consider it.  The evidence upon which you are to decide what the facts are comes in several forms:

(1)   Sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called them;

(2)   Exhibits that have been received into evidence by the Court;

(3)   Facts as to which all parties have agreed or stipulated.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are.  The following are not evidence:

(1)   Arguments or statements by lawyers;

5

and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Let me give you an example of the difference between direct evidence and circumstantial evidence. Suppose that in a trial one of the parties is trying to prove that it was raining on a certain morning. A witness testifies that on that morning she walked to the subway and as she walked she saw rain falling, she felt it striking her face, and she heard it splashing on the sidewalk. That testimony of the witness's perceptions would be direct evidence that it rained on that morning.

Suppose, on the other hand, the witness testified that it was clear as she walked to the subway, that she went into the subway and got on the train and that

7

To repeat, your verdict must be based exclusively upon the evidence, or lack of evidence, as it has been presented in this case.

### G. Deciding What to Believe

You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony. Any assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by other evidence or testimony contrary to that witness's testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence that tend to indicate whether a witness's testimony is worthy of belief. Consider each witness's intelligence, motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of

witness. You should not presume that a law enforcement officer is any more credible, or his or her testimony is entitled to any more weight, than others who may testify.

### I. Decisions Not to Call Witnesses or Use All Law Enforcement Techniques

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters in issue at this trial. The law also does not require that any particular investigative technique be used by law enforcement authorities to uncover or prosecute crime. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all of the evidence in this case, the government has proven that the defendant is guilty beyond a reasonable doubt.

### J. Defendant's Testimony

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his

11

term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm.

(Title 18, United States Code, Sections 922(g) and 3551 <u>et seq.</u>)

In reading the indictment, you have heard me say that one of the elements is that the defendant, SHAKEEM BOYKINS, has a prior conviction for a crime punishable by imprisonment for a term exceeding one year. The fact that he has such a conviction has been stipulated to and is not in issue. The reason you have been told about it is so that you will understand that the defendant is within the class of persons prohibited from possessing a firearm -- which is the crime the defendant is now being charged with. Therefore, you may not consider his prior conviction as any proof that he illegally possessed the firearm with which he is charged.

Accordingly, I charge you as a matter of law that SHAKEEM BOYKINS is:

(1) not on trial for the prior offense; and

(2) that the prior offense is not to be given <u>any</u> weight by a juror in determining beyond a reasonable doubt that SHAKEEM BOYKINS actually possessed a firearm as alleged in the indictment in this case.

In this regard, there has been evidence that the firearm in question was manufactured in a different state (or county) than the state where the defendant is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

I will now elaborate on the element of possession. To "possess" a firearm means to exercise authority, dominion or control over it. A person need not own a firearm in order to be guilty of possessing it.

To "possess" means to have something within a person's control.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The government is not required to prove that at the time of the possession the defendant knew that he was breaking the law. It is sufficient if you find that the defendant possessed the firearm voluntarily and not by accident or mistake. You must also find that the defendant knew he was possessing a firearm.

### III. General Instructions For Your Deliberations

You are entitled to your own opinion but you should exchange views with your fellow jurors and listen carefully to

on the merits of the case, otherwise than in writing, or orally here in open court.

If you wish to have some portions of the testimony or these instructions repeated, you may make the request by a note to the Marshal, and I will then call you back into the court-room and have them read to you. I suggest, however, that you be specific to avoid the reading of testimony you do not desire to assist you in your deliberations.

Similarly, if you wish to see any of the exhibits in evidence, you may make the request by note to the Marshal and I will send the exhibit to you.

You will note from the oath about to be taken by the Marshal that he, too, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

Bear in mind also that you should not reveal to any person -- not even to the Court -- how the jury stands on the question of guilt or innocence of the accused, until after you have reached a unanimous verdict.

Any verdict you reach must be unanimous.

Your oath sums up your duty -- and that is, without fear or favor you will well and truly try the issues between these

17