| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>– against –<br><br>SHAKEEM BOYKINS,<br><br>                     Defendant. | **MEMORANDUM & ORDER**<br><br>18-CR-338 (ERK) |

KORMAN, *J.*:

On December 7, 2023, Defendant Shakeem Boykins moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.

### I.     Background

On June 14, 2019, Boykins was found guilty by jury trial of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), in connection with a shooting that occurred at the Louis Heaton Pink Houses, a public housing complex in East New York, on October 5, 2017. *See* ECF No. 42 at 642:10; ECF No. 44 at ¶¶ 1, 4–5; ECF No. 51 at 1. The victim of the shooting testified at Boykins's trial that he shot her twice in the upper leg while she was walking unarmed down the street with two friends. *See* ECF No. 39 at 48:2–14, 74:3–78:9; ECF No.

1

44 at ¶¶ 4–5.  At the time, Boykins was on supervised release for a federal drug-trafficking offense.  *See* ECF No. 44 at ¶¶ 28, 30.

Boykins's range under the United States Sentencing Guidelines was 110 to 120 months' imprisonment, based on a combined offense level of 26 and criminal history category of V.[1]  *See* ECF No. 59 at 47:7–15; ECF No. 63 at 3.  The criminal history category calculation included a two-point enhancement because Boykins was found guilty of committing the offense conduct while on supervised release.  *See* ECF No. 44 at ¶ 30.  Boykins was sentenced to 110 months' imprisonment and three years of supervised release.  *See* ECF No. 51 at 2–3.

On December 7, 2023, Boykins filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the Sentencing Guidelines.[2]  *See* ECF No. 62 at 3–7.  He also requested the appointment of counsel.

---

[1] The Guidelines range for an offense level of 26 and criminal history category of V was 110 to 137 months but, at the time, 18 U.S.C. § 924(a)(2) imposed a 10-year statutory maximum for violations of 18 U.S.C. § 922(g), so the Guidelines range was restricted to 110 to 120 months.  *See* ECF No. 63 at 3 n.2.

[2] In his *pro se* motion, Boykins also argues that resentencing is appropriate because, at the time of his sentencing in March 2020, "the Court was required to treat the [G]uidelines as mandatory, under controlling law at the time." ECF No. 62 at 7–10.  This is incorrect, as the Supreme Court held that the Guidelines were advisory in 2005.  *See United States v. Booker*, 543 U.S. 220, 245 (2005).  Additionally, Boykins appears to challenge the substantive reasonableness of his sentence.  *See* ECF No. 62 at 11.  This is not an appropriate basis for reducing a sentence pursuant to § 3582(c)(2), however.  *See* 18 U.S.C. § 3582(c)(2).  Moreover, the Second Circuit rejected this argument on Boykins's direct appeal.  ECF No. 61 at 5.  In his Reply Memorandum of Law in Support of Boykins's Motion to Reduce Sentence, his counsel does not pursue these arguments.  *See generally* ECF No. 77.

2

*Id.* at 2. On January 4, 2024, the Probation Department filed a Supplemental Presentence Report indicating that Boykins is eligible for a sentence reduction pursuant to Amendment 821. *See* ECF No. 63 at 3. On March 7, 2024, the U.S. Attorney's Office responded to Boykins's motion, opposing a reduction in his sentence based on the 18 U.S.C. § 3553(a) sentencing factors and Boykins's post-sentencing conduct. *See* ECF No. 66 at 7–8. On April 2, 2024, Boykins was appointed counsel to respond to the U.S. Attorney's opposition to his motion. *See* ECF No. 67; ECF No. 77.

## II.     Legal Standard

A defendant may move to reduce his sentence due to a retroactive amendment to the Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Elendu*, No. 20-CR-179-14, 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024). Sentencing Commission policy provides that "[a] reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable

3

guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  Moreover, when reducing a sentence pursuant to § 3582(c)(2), the court may not "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" (with an exception for substantial assistance not relevant here).  *Id.* § 1B1.10(b)(2)(A).

When reviewing § 3582(c)(2) motions, courts follow a two-step approach.  *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the court determines the Guidelines range that would have applied to the defendant if the amendment had been in place at the time the defendant was sentenced.  *Id.* at 827; *see also* U.S.S.G. § 1B1.10(b)(1).  Second, the court considers the § 3553(a) sentencing factors and determines whether a reduction is warranted as a matter of discretion.  *Dillon*, 560 U.S. at 827; *see also United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013) ("A retroactive amendment to the Guidelines 'merely authorizes a reduction in sentence; it does not require one'" (citation omitted)).  The § 3553(a) sentencing factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendants; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(1)–(2);

4

*see also United States v. Cirino*, No. 3:17-CR-232-1, 2024 WL 1068337, at *2 (D. Conn. Mar. 12, 2024). The court may also consider the defendant's "post-sentencing conduct." U.S.S.G. § 1B1.10, Application Note 1(B)(iii); *see also Elendu*, 2024 WL 458643, at *2.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively. *See United States v. Torres*, No. 06-CR-987-07, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024). Part A of Amendment 821 reduced the impact of "status points," which are additional criminal history points given to a defendant who committed the instant offense while under a criminal justice sentence such as parole or supervised release. *See id.* The Amendment reduced the number of status points added to the Guidelines calculation from two to one for offenders with seven or more criminal history points and eliminated status points altogether for offenders with six or fewer criminal history points. U.S.S.G. § 4A1.1(e); *see also Torres*, 2024 WL 621554, at *1.

### III. Discussion

Boykins is eligible for a sentence reduction under Part A of Amendment 821. His original Guidelines range included an increase of two status points because he committed the offense conduct while on supervised release and had eight criminal history points. *See* ECF No. 44 at ¶¶ 29–30. Pursuant to Amendment 821, Boykins's Guidelines range would now be calculated using only one status point, which would lower his criminal history category from V to IV. *See* ECF No. 63 at 2–3.

5

Accordingly, the parties agree that Boykins's amended Guidelines range is 92 to 115 months' imprisonment and that his sentence may therefore be reduced to 92 months. *See* ECF No. 63 at 3; ECF No. 66 at 7; ECF No. 77 at 20.

Nevertheless, a reduction in Boykins's sentence is not warranted based on the § 3553(a) sentencing factors and his post-sentencing conduct. First, Boykins's conduct was serious, violent, and harmful to the community. Boykins was convicted of possessing a firearm in connection with a shooting of an unarmed woman in the vicinity of several other unarmed civilians. *See* ECF No. 44 at ¶¶ 4–5. Second, Boykins has an extensive history of criminal activity. Prior to the instant offense, he had been convicted of multiple other offenses, including assault, criminal possession of a firearm, and conspiracy to distribute and possession with intent to distribute cocaine. *Id.* at ¶¶ 22–28. Indeed, Boykins committed the instant offense while on supervised release for a federal drug-trafficking offense. *See id.* at ¶¶ 28, 30. While Amendment 821 reflects the Sentencing Commission's current view on the appropriate sentence for a defendant who commits an offense while serving a criminal sentence, the fact that a defendant committed a crime while on supervised release remains relevant to the consideration of an adequate sentence that "promote[s] respect of law" and "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B); *see also United States v. Lucas*, No. 22-CR-290, 2024 WL 3718658, at *3 (E.D.N.Y. Aug. 8, 2024); *United States v. Laporta*, No. 21-CR-445, 2024 WL 1348691, at *4 (E.D.N.Y. Mar. 29, 2024). Finally, although

6

Boykins has participated in rehabilitative programming, his post-sentencing conduct weighs against reducing his sentence. Boykins has received at least 10 disciplinary citations while in custody, including for possessing a dangerous weapon, committing assault without serious injury, threatening bodily harm, and fighting with another person. *See* ECF No. 63 at 3–4. In light of these considerations, Boykins's current sentence of 110 months, which falls within his amended Sentencing Guidelines range, is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a); *see also Cirino*, 2024 WL 1068337, at *3 (denying motion for sentence reduction after consideration of similar factors).

## IV. Conclusion

Boykins's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**

Brooklyn, New York  
October 30, 2024

*Edward R. Korman*  
Edward R. Korman  
United States District Judge