| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>SHAKEEM BOYKINS,<br><br>Defendant. | **MEMORANDUM & ORDER**<br><br>18-CR-338 (ERK) |

KORMAN, *J.*:

## I.  Background

On March 11, 2020, Shakeem Boykins was sentenced to 110 months of imprisonment for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 51 at 1–2. This charge was brought in connection with a shooting that occurred at the Louis Heaton Pink Houses, a public housing complex in East New York, on October 5, 2017. *See* ECF No. 44 at ¶¶ 1, 4–5. The victim of the shooting testified at trial that Boykins shot her twice in the upper leg while she was walking unarmed down the street with two friends. *See* ECF No. 39 at 48:2–14, 74:3–78:9; ECF No. 44 at ¶¶ 4–5. At the time, Boykins was on supervised release for a federal drug-trafficking offense. *See* ECF No. 44 at ¶¶ 28, 30.

1

On September 11, 2025, Boykins made a "*pro se* motion requesting a status hearing regarding the representation by [his] attorney" that states he wishes for his attorney to "file a dismissal of [his] 922(g)" and asks that "[his] charge under 922(g)(1) . . . be dismissed with prejudice." ECF No. 80 at 1–2. Boykins's filing also includes a memorandum arguing that imposing a sentence upon him under 18 U.S.C. § 922(g)(1) violates the Second Amendment. *Id.* Because Boykins filed his motion *pro se*, the Court construes his letter "to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

## II.  Discussion

Viewed "liberally to raise the strongest arguments it suggests," *United States v. Inniss*, 746 F. Supp. 3d 10, 18–19 (E.D.N.Y. 2024), Boykins's motion can be interpreted as any of the following: first, a motion to dismiss his indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3); second, a publicly-docketed demand that his attorney file such a motion; or third, a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 because it was "in violation of the Constitution." 28 USC § 2255(a).

I first construe Boykins's request that his "charge under 922(g)(1) . . . be dismissed with prejudice" as a Rule 12(b)(b)(3) motion to dismiss his indictment because 922(g)(1) is unconstitutional as applied to him. *See United States v. Rampersant*, 704 F. Supp. 3d 373, 377 (E.D.N.Y. 2023) ("A pre-trial motion to

dismiss the indictment is a proper vehicle to raise a constitutional challenge to the charging statute."); *see also United States v. Dabidah*, No. 24-CR-00514, 2025 WL 1094657, at *2 (S.D.N.Y. Apr. 11, 2025). A motion to dismiss an indictment because it is defective must be made prior to trial. *See* FED. R. CRIM. P. 12(b)–(c); *United States v. O'Brien*, 926 F.3d 57, 83 (2d Cir. 2019) ("If a motion falling within Rule 12(b)(3) is not made before trial . . . it is 'untimely.'"). Mr. Boykins has already been tried, convicted, and sentenced under the indictment containing the 922(g)(1) count. ECF Nos. 42, 51. Thus, to the extent Boykins's filing can be construed as a Rule 12(b) motion, it is untimely. Though a court may consider an untimely 12(b)(3) motion "if the [moving] party shows good cause," FED. R. CRIM. P. 12(c)(3), Boykins has not presented any arguments explaining why he did not raise this 12(b)(3) motion before trial. In any case, because there are other procedural avenues for Boykins to challenge the constitutionality of his sentence, I do not find good cause to entertain a Rule 12(b) motion despite its untimeliness.

Second, Boykins's filing can be construed as a request that his attorney file a Rule 12(b)(3) motion to dismiss his indictment. Setting aside that it not clear whether Mr. Boykins is currently represented by counsel, the public docket is not the appropriate vehicle for Mr. Boykins to make requests of his attorney. In any case, as explained above, such a motion would be denied.

Third, I construe Boykins's filing as a motion to vacate his conviction under 28 U.S.C. § 2255 accompanied by a demand for an evidentiary hearing. Though

3

Boykins does not explicitly invoke Section 2255, a district court may recharacterize a *pro se* motion into a Section 2255 motion to "avoid inappropriately stringent application of formal labeling requirements" or to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).  When a court does so, it

> must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.

The Court directs Boykins to file a letter on the docket that either confirms or denies his intent to proceed under 28 U.S.C. § 2255 and makes any desired amendments to the materials supporting his motion.  Boykins may maintain, supplement, modify, or retract his September 11, 2025, *pro se* motion as he sees fit.  If Boykins proceeds with his Section 2255 motion, then any subsequent motion he makes under this statute will be subject to Section 2255's restrictions on successive motions.  *See* 28 U.S.C. § 2255(h).  If Boykins's first Section 2255 motion is denied, these restrictions would prevent Boykins from bringing a second successive motion under Section 2255 unless one of two narrow exceptions applies.  *Id.* (requiring a second or successive Section 2255 motion be certified to contain either "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

4

offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Thus, if Boykins intends to move for relief under Section 2255, he should bring all of the claims he believes he has under that statute, because he likely will not have another opportunity to do so.

### III. Conclusion

Boykins is instructed to file a letter confirming or denying his intent to move to vacate his sentence under 28 U.S.C. § 2255 as well as making any desired modifications to the motion he filed on September 11, 2025. The Court reserves its decision on whether to grant an evidentiary hearing until such a letter is filed. The Court will take no further action absent a letter from Mr. Boykins or his counsel confirming his intent to move under 28 U.S.C. § 2255.

**SO ORDERED.**

Brooklyn, New York
November 5, 2025

*Edward R. Korman*
Edward R. Korman
United States District Judge